## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.M. and E.M., on behalf of B.M., <br><br> Plaintiffs, <br><br> v. <br><br> FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, <br><br> Defendant. | Civil Action No. 22-107 (FLW) (RLS) <br><br><br> **MEMORANDUM OPINION <br> AND ORDER** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the May 16, 2022 Motion by Plaintiffs S.M. and E.M., on behalf of B.M., (collectively, "Plaintiffs") seeking leave to file a First Amended Complaint ("FAC") pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Motion"). (Dkt. No. 12). Specifically, Plaintiffs seek leave to add a claim of discrimination arising under the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 to 10:5-50, (the "LAD"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, (the "ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*, ("Section 504"), as well as to clarify their requests for relief. (*See* Dkt. No. 12-12). Defendant Freehold High School District Board of Education ("Defendant") opposes the Motion, (Dkt. No. 16), to which Plaintiffs have replied, (Dkt. No. 23). The Court considers the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Motion for Leave to Amend is GRANTED.

## I.      BACKGROUND AND PROCEDURAL HISTORY

By way of background, this action arises out of Plaintiffs' allegations that Defendant denied Plaintiffs' child, B.M., the right to a free appropriate public education ("FAPE"), to which he claims entitlement pursuant to the ADA, Section 504, and the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, ("IDEA"). (*See generally* Dkt. No. 1). Plaintiffs allege that B.M. was enrolled as a student in Defendant's school district and was eligible for "special education and related services, as B.M. has been 'classified' in accordance with the IDEA." (Dkt. No. 1 at ¶¶ 9-10, 36). Plaintiffs claim that, during the 2017-2018, 2018-2019, and 2019-2020 school years, B.M.'s attendance declined due to behavioral issues he was having, resulting in a total of 181 absences and 81 days with tardiness "out of a possible 416 days of school." (Dkt. No. 1 at ¶¶ 42-43). When B.M. was absent from school, he did not receive special education, related services, and peer interaction and structure. (Dkt. No. 1 at ¶¶ 48-49). Per Plaintiffs, Defendant did not evaluate B.M. during the relevant school years to determine how to address his behavioral issues and did not provide home-based programing or instruction. (Dkt. No. 1 at ¶¶ 51-55). Plaintiffs further allege that Defendant did not provide an alternative school program for B.M. (Dkt. No. 1 at ¶ 56).

Plaintiffs filed a Request for Due Process against Defendant to the New Jersey Office for Administrative Law (the "NJOAL"), wherein, following several Due Process Hearings, on October 18, 2021, an Administrative Law Judge issued a Final Decision in favor of Defendant, finding that B.M. was not "entitled to any compensatory education services" (the "ALJ's Final Decision"). (Dkt. No. 1 at ¶ 83). Thereafter, on January 10, 2022, Plaintiffs initiated this action, asserting two counts against Defendant: one seeking a reversal of the ALJ's Final Decision; and

one seeking to recover fees and costs pursuant to the ADA, the IDEA, and Section 504.  (Dkt. No. 1 at ¶¶ 103, 107).

Plaintiffs now seek leave to amend their claims through the FAC.  (Dkt. No. 12). Specifically, Plaintiffs seek to clarify their claims for relief and add a new count asserting that Defendant discriminated against B.M. in violation of the LAD, Section 504, and the ADA.  (Dkt. No. 12-2 at ¶¶ 105-110).  Through their claim of discrimination, Plaintiffs seek a reversal of the ALJ's Final Decision, an award of compensatory education, "and/or monetary damages pursuant to the IDEA, Section 504, the ADA and the []LAD."  (Dkt. No. 1 at ¶ 110(1)-(4)).

Defendant opposes Plaintiffs' Motion.  (Dkt. No. 16).  Defendant argues that Plaintiffs cannot amend the Complaint as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (Dkt. No. 16 at pp. 2-4, 12-13).  Defendant further argues that leave to amend should be denied because the proposed FAC would be unduly prejudicial in that the FAC seeks to assert claims that provide for monetary and potentially punitive damages.  (Dkt. No. 16 at pp. 13-14).  In addition, Defendant contends that the proposed amendment would be futile because the applicable statute of limitations bars Plaintiffs' claims of discrimination under the ADA and NJLAD.  (Dkt. No. 16 at pp. 15-17).  In their reply, Plaintiffs counter that the proposed amendments are not time-barred and their claims are not limited to what was asserted before the NJOAL.  (*See generally* Dkt. No. 23).

## II.    LEGAL STANDARD

Plaintiffs seek leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  Rule 15(a)(1) provides for amendment as a matter of course within certain time periods. Fed. R. Civ. P. 15(a)(1).  Nevertheless, a party may amend its pleading pursuant to Rule 15(a)(2) upon the opposing party's written consent or with leave of court.  Fed. R. Civ. P. 15(a)(2).  As to

requests made under Rule 15(a)(2), courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  In the Court's discretion, however, the Court may deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile.  *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civil No. 15-5909 (KM), 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable on the instant Motion, when a party raises undue prejudice as a basis for denial of a motion for leave to amend, the court is to "focus on the hardship to the defendants if the amendment were permitted."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).  In doing so, courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."  *Id.*  However, if a party has notice of potential claims sought to be added and the new claim relates to "the same subject matter as an issue already in the case," then the Third Circuit has found that amendment would not be unduly prejudicial.  *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3d Cir. 1988).  "Incidental prejudice and delay are insufficient grounds on which to deny leave to amend."  *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014) (citing *TransWeb, LLC v. 3M Innovative Prop. Co.*, No. 10-4413, 2011 WL 2181189, at *8 (D.N.J. June 1, 2011)).

Also relevant here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## III.   DISCUSSION

In opposing the instant Motion, Defendant raises that Plaintiffs do not have a matter to amend as of course under Rule 15(a)(1) and that amendment would cause undue prejudice and would be futile. As an initial matter, the Court disagrees with Defendant's contention that Plaintiffs have waived their right to amend by failing to amend as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; indeed Rule 15(a)(2) permits amendment with leave of the Court and such amendments are vested to the Court's discretion. *See* Fed. R. Civ. P. 15(a)(2); *Epstein*, 10 F.3d at 174. Defendant does not appear to challenge Plaintiffs' proposed

amendments on the basis of undue delay, bad faith, or dilatory motives.  Accordingly, the Court will focus its analysis on Defendant's arguments regarding undue prejudice and futility.

First, the Court does not find that the proposed amendments would cause undue prejudice to Defendant at this time.  The case is in its nascency still.  Although the proposed amendments would broaden the claims asserted against Defendant, as well as the available remedies, the proposed amendments in the FAC arise out of the underlying core set of facts alleged in the Complaint, of which Defendant has had notice.  Indeed, the proposed amended claims relate to "the same subject matter as an issue already in the case."  *Coventry*, 856 F.2d at 519.  The Court understands the basis for Defendant's argument in regards to undue prejudice, and the broadening of the available remedies under the proposed amendments, the Court finds that any prejudice, at this stage in the case, would be minimal.  *See, e.g.*, *Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 11-1857, 2011 WL 3329374, at *1 n.2 ("No undue prejudice exists as the additional causes of action will not place an unfair burden on the opposing parties." (internal citation, editing, and quotation marks omitted)).

Second, given that Defendant's futility arguments are premised upon the alleged tolling of the relevant statute of limitations as applied to Plaintiffs' amended claims under the ADA and the LAD, the Court declines to consider these arguments in context of a Motion for Leave to Amend.  Indeed, "[u]nder Fed. R. Civ. P. 8(c), the statute of limitations constitutes an affirmative defense to an action."  *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).  Defenses of statute of limitations often must await summary judgment.  *Tate-Linton v. N.J. Transit Rail Operations, Inc.*, No. 15-2876, 2016 WL 3751612, at *2 (D.N.J. July 13, 2016).  Nevertheless, "the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the

statute of limitations.'" *Bethel*, 570 F.2d at 1174 (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Based on the nature of the futility analysis under a motion brought pursuant to Rule 15, the Court finds "[i]n the interests of judicial economy and in the absence of undue prejudice . . . that these arguments are better suited for consideration in the context of a motion to dismiss" or for summary judgment. *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).

Accordingly, Plaintiffs' Motion for Leave to Amend is hereby GRANTED. Defendant, however, may renew its arguments in a motion to dismiss or on the upcoming motions for summary judgment. (*See* Dkt. No. 22).

## IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this 13th day of September 2022,

**ORDERED** that Plaintiffs' Motion for Leave to Amend (Dkt. No. 12) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their First Amended Complaint within seven (7) days of entry of this Order; and it is further

**ORDERED** that Defendant shall file a response to the First Amended Complaint within fourteen (14) days of the filing of the First Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 12.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
_____

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**